PERRIN et al. v. MANHATTAN RY. CO. SAME v. METROPOLITAN EL. RY. CO. SAME v. NEW YORK EL. R. CO.

(Circuit Court, S. D. New York. April 4, 1892.)

PATENTS FOR INVENTIONS — CONSTRUCTION OF CLAIM — ANTICIPATION — TRUCK COUPLINGS.

Claim 2 of letters patent No. 50,518, issued October 17, 1865, to Henry H. Trenor, covers "the method of coupling the cars or vehicles of a train of two or more cars or vehicles by means of the connecting links attached to the pivots or kingbolts of the trucks, substantially as herein set forth." There is nothing in the specifications to limit this language. *Held,* that the claim cannot be limited to the coupling of cars or vehicles having four-wheeled trucks, and is therefore void for anticipation by the English patent of December 13, 1838, to Deville, in which the same method is shown in coupling two carriages having two-wheeled trucks.

In Equity. These were three suits brought by the complainants against the Manhattan Railway Company, the Metropolitan Elevated Railway Company, and the New York Elevated Railroad Company, respectively, for infringement of a patent. Bill dismissed.

Edward N. Dickerson, for complainants.

Benjamin F. Lee, for defendants.

WALLACE, Circuit Judge. The second claim of the patent in suit, No. 50,518, (granted October 17, 1865, to Henry H. Trenor,) the only claim now in controversy, cannot by any reasonable construction be limited to a method of coupling cars or vehicles having four-wheeled trucks. The specification states as follows:

"The danger and difficulty attending the running of railroad cars on railroads, or of a series of vehicles on common roads, whether propelled by traction engine or otherwise, consist in the curves or sinuosities of the roads. On railroads the cars are deviated from the straight line by friction of the wheels on the sides of the rails, which is directly proportionate to the pressure and speed, and inversely to the radius of the curve, so that to adapt the wheels to the curve of the rail much power is absorbed, while the strain on the rails and the liability of running off the track are proportionately increased. To obviate this is the object of my invention, and it consists in a method of adapting all the axles or trucks of the train of cars or vehicles to the curves or direction taken by the leading axle or truck. This I have accomplished by combining with axles or trucks or vehicles, of whatever description, when pivoted so as to have a center of motion, a system of connection or coupling whereby the movement of the one is necessarily transmitted to the others. In the drawings, Fig. 1 represents an elevation of a train composed of two four-wheel truck cars placed on a curve of a railroad. Fig. 2 is a plan view of the same."

The specification then deals with the invention of the first claim, and thereafter proceeds as follows:

"In addition to this mode of connecting the trucks by a directing link or links, I use a system of coupling of the cars, not by the platform, as heretofore practiced, but by the trucks, whereby liability of the body of the vehicle or car being thrown off the trucks is obviated. In Figs. 1 and 2 I have shown the cars to be connected by means of a coupling link, m, attached to the pivot of the truck. The form of the link may be modified, according to the judgment of the engineer. This invention is applied to railroad cars as well as to other vehicles; for instance, to emigration trains, moved by traction engines or otherwise. Many modifications may be applied without departure from my invention."

The language quoted gives the entire specification so far as it relates to the present claim. The claim is as follows:

"(2) The method of coupling the cars or vehicles of a train of two or more cars of vehicles by means of connecting links attached to the pivots or kingbolts of the trucks, substantially as herein shown and set forth."

The drawings only illustrate the invention in its application to railroad cars and to railroad cars having each two four-wheeled trucks; but from the language of the specification it is apparent that the invention is designed to be applied to a series of vehicles on common roads without rails, propelled by traction engines or otherwise, as well as to cars moving upon a railroad track. A traction engine is a well-known device for pulling common vehicles over common roads. Such vehicles are not provided with four-wheeled trucks, but are usually provided with two-wheeled trucks. Two-wheeled trucks are also frequently employed on railroad cars. This sufficiently appears by the French patent to Gerstner, of July 27, 1829; the French patent to Arnoux, of March 3, 1851; the English patent to Clark & Motley, of 1849; and the English patent to Deville, of December 13, 1838. The terms of the claim are coextensive with the description of the patent. Whenever two vehicles are coupled by attaching to the pivots or kingbolts of their trucks, whether two-wheeled trucks or four-wheeled, a connecting link substantially like that described in the specification, the invention of the claim is appropriated. Its terms are not narrowed by any letters of reference to the drawings. The drawings are therefore illustrative and explanatory, but not definitive, and are only to be treated as part of the description of the thing patented.

If the patent could be restricted to one for the coupling of railroad cars, the argument that the trucks of the claim mean four-wheeled trucks would be persuasive, in view of the consideration that, except with such trucks, the coupling devices would not adapt all the trucks to the curve or direction taken by the leading truck; but this cannot be done without eliminating the statement in the specification that the invention is to be applied to other vehicles as well as railroad cars. Giving the claim its correct construction, the novelty of the invention is negatived by the patent to Deville, before referred to. That patent shows two carriages, in which the two-wheeled truck of one is coupled to the

two-wheeled truck of the other by means of a rigid rod attached to the kingbolts of the trucks. The rod is essentially the connecting link of the patent in suit, and, like the latter, is capable of being disconnected in the middle. While the method of coupling shown by this patent might not be of any value when used upon railroad cars without the guiding attachment of four bearing wheels, that attachment would be manifestly a mere excrescence, except when the vehicles are to be used on railway tracks, and no invention would be involved in discarding it. This conclusion renders it unnecessary to consider any of the other defenses which have been relied upon by the defendant.

The bill is dismissed, with costs.